**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **M.T., individually and on behalf of N.T,**<br>**a child with a disability.**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**SCHOOL DISTRICT OF PHILADELPHIA**<br><br>***Defendant.*** | : | **Case No. 2:26-cv-4617-HB** |

**<u>JOINT MOTION FOR APPROVAL OF MINOR'S COMPROMISE AND DISMISSAL WITH PREJUDICE</u>**

**STATEMENT OF RELEVANT FACTS**

1. On July 2, 2026, Plaintiffs filed a complaint in this Court alleging that the Defendant School District of Philadelphia violated the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act of 1973 (RA).

2. The Case was docketed as No. 2:26-cv-4617-HB.

3. On August 6, 2026, the parties notified the Court they had reached an agreement in principle to resolve all claims asserted in the Complaint.

4. On September 10, 2026, the parties executed a Settlement Agreement (Agreement) resolving all claims asserted in the Complaint, in exchange for Plaintiffs dismissing this action with prejudice. *See* Agreement, provided *in camera* via electronic mail to the Court as Exhibit A.

5. The Agreement provides that this Court will retain jurisdiction for the limited purpose of deciding a motion for attorney's fees and costs. It provides:

> [Plaintiffs agree] to withdraw the Complaint with prejudice. The Parties will jointly request a consent order from the Court approving their agreement, with language acknowledging that the District agrees to reimburse the Parent for reasonable attorneys

> fees, and that the Court retains jurisdiction to decide reasonable fees if the Parties cannot reach an agreement. The Parties will request that the Court keep the non-fee-related terms of the Agreement confidential.

6. Plaintiffs submitted a detailed invoice for fees to Defendant on September 23, 2026 and the parties subsequently reached agreement for reasonable attorneys' fees of $43,000, based on lodestar of Plaintiffs' counsel.

7. The Parties jointly submit that the award of statutory attorneys' fees is reasonable and will not be paid out of any fund obtained for N.T.

**BASIS FOR APPROVAL OF MINOR'S COMPROMISE UNDER LOCAL RULE 41.2**

8. Eastern District of Pennsylvania Local Rule 41.2 "Minors, Incapacitated Persons, and Decedents' Estates" provides:

> (a) No claim of a minor … shall be compromised, settled, or dismissed unless approved by the court.
>
> (b) No distribution of proceeds shall be made out of any fund obtained for a minor… as a result of a compromise, settlement, dismissal or judgment unless approved by the court.
>
> (c) No counsel fee, costs or expenses shall be paid out of any fund obtained for a minor … as a result of a compromise, settlement, dismissal or judgment unless approved by the court.

9. The legal standard for a district court to approve the settlement of a minor's claim under E.D. Pa. L.R. 41.2(c) is straightforward:

> Under the Local Rules of this Court, no claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court. E.D. Pa. Local R. 41.2(a). In determining whether to approve a settlement made on behalf of a minor, a court must assess whether the settlement amount is fair and in the best interests of the minor.

*A.F. v. Leisure Time Prods., LLC*, No. 22-4914-KSM, 2024 U.S. Dist. LEXIS 22066, at *2-3 (E.D. Pa. Feb. 7, 2024) (quoting *Henderson ex rel. Bethea v. Nationwide Mut. Ins.*

*Co.*, No. 00-1215, 2001 U.S. Dist. LEXIS 397, 2001 WL 43648, at *3 (E.D. Pa. Jan. 4, 2001)) (internal citation and quotes omitted).

10. The *A.F.* court added:

> A court must consider the parties' petition for approval of the settlement, which should include all relevant facts and the reasons why the minor's guardian believes the settlement is desirable and why it is in the minor's best interest to settle the action.
>
> Relevant facts include 'a description of the minor's physical and/or psychological condition, a statement and/or discussion regarding the minor's current physical and/or mental health needs, evidence of the extent of the minor's condition, and the need for future medical and/or psychological care, as well as future expenses.
>
> Courts should give considerable weight to the judgment of the parties and counsel, as they are typically in the best position to evaluate the settlement.

*Id.* at *3 (quoting, *inter alia*, *Lee v. Victoria's Secret, LLC*, No. Civil Action No. 10-3662, 2012 U.S. Dist. LEXIS 25260, 2012 WL 628015, at *2 (E.D. Pa. Feb. 27, 2012)) (internal citations and quotes omitted).

11. The Agreement satisfies L.R. 41.2(c).

12. Parent finds the Agreement to be desirable, fair, and in N.T.'s best interests, because:

a. The Agreement provides N.T. relief equivalent to that sought in the Complaint as well as additional valuable consideration.

b. With the Agreement approved, N.T. will be in substantially the same position (*i.e.*, the same or equivalent educational placement) that the Complaint alleges he was denied based on the Defendant's purportedly unlawful actions under the ADA and § 504.

c. Specifically, N.T. will be attending a special criteria "magnet" school in the District with his educational disability appropriately accommodated.

d. M.T. and N.T. will receive additional, non-cash financial consideration that will help ensure N.T. equal access to educational opportunities as non-disabled peers until his 22nd birthday.

13. The terms under which M.T. and N.T. may have access to non-cash consideration are spelled out in detail, are plainly in N.T.'s educational interest and best interest, and are commonly accepted terms for agreements of this kind.

14. M.T. and N.T. do not require subsequent judicial approval to gain access to the non-cash consideration.

## CONCLUSION AND PRAYER FOR RELIEF

For these reasons, the Parties jointly request that the Court:

15. Approve the executed Agreement as a fair and reasonable compromise in the Student's best interests;

16. Find that the Parent possessed the authority to enter into the Agreement on Student's behalf;

17. Maintain the unredacted Agreement under seal and permit any publicly filed version to redact Student's personally identifying and confidential educational information;

18. Dismiss this matter with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the terms of the Agreement.

19. Close the case without retaining jurisdiction.

Respectfully submitted,

October 14, 2026

THE LAW OFFICE OF BENJAMIN J. HINERFELD
By: /s/ David B. Lapp
David B. Lapp, Esquire
Pennsylvania Bar No. 209614
1528 Walnut St.
Philadelphia, Pennsylvania 19102
Tel: (267) 259-4420
Email: david@hinerfeldlaw.com

THE SCHOOL DISTRICT OF PHILADELPHIA
By: /s/ Jennifer Grobe
Jennifer P. Grobe, Esquire
Attorney I.D. No. 323085
440 N. Broad Street, 3rd Floor
Philadelphia, PA 19130
Tel: (215) 400-0247
Email: jgrobe@philasd.org